IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DANNY E. BEAUCLAIR,

                Plaintiff,

    v.                                                                  CASE NO. 13-3169-RDR

MATTHEW J. DOWD, et al.,

                Defendants.

**O R D E R**

Before this court is a complaint seeking relief under 42 U.S.C. § 1983, submitted pro se by a prisoner incarcerated in a Kansas correctional facility.[1] Also before the court is plaintiff's motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915.

*Motion to Proceed In Forma Pauperis, 28 U.S.C. § 1915*

Plaintiff must pay the full $350.00 filing fee in this civil action. *See* 28 U.S.C. § 1915(b)(1)(prisoner bringing a civil action or appeal in forma pauperis is required to pay the full filing fee). If granted leave to proceed in forma pauperis, plaintiff is entitled to pay this filing fee over time, as provided by payment of an initial partial filing fee to be assessed by the court under 28 U.S.C. § 1915(b)(1) and by periodic payments from plaintiff's inmate trust fund account as authorized in 28 U.S.C. § 1915(b)(2).

Pursuant to 28 U.S.C. § 1915(b)(1), the court is required to assess an initial partial filing fee of twenty percent of the greater

---

[1] The named defendants in plaintiff's complaint include United States District Court Judge Sam A. Crow, the district court judge first assigned to this matter. Upon reassignment of the complaint to the undersigned judge, plaintiff's motion for the recusal of Judge Crow was rendered moot.

of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of a civil action. Having examined the records provided, the court assesses an initial partial filing fee of $6.50, twenty percent of the average monthly deposit to plaintiff's inmate account, rounded to the lower half dollar. Plaintiff is advised that the failure to pay this initial partial filing fee may result in the motion for leave to proceed in forma pauperis being denied, and the complaint being dismissed without prejudice based upon plaintiff's failure to comply with any statutory provision for satisfying the filing fee required to proceed in district court.

*Screening of the Complaint, 28 U.S.C. § 1915A*

Because plaintiff is a prisoner, the court is required to screen the complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b). Although a complaint filed pro se by a party proceeding in forma pauperis must be given a liberal construction, *Erickson v. Pardus*, 551 U.S. 89 (2007), even under this standard a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). Plaintiff bears the burden of alleging "enough facts to state a claim to relief that is *plausible* on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *See Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir.2008)(stating and applying *Twombly* standard for dismissing a complaint as stating no claim for relief).

"To state a claim under § 1983, a plaintiff must allege the

violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Having reviewed plaintiff's allegations, the court finds the complaint is subject to being summarily dismissed for the following reasons.

It appears that plaintiff is attempting to proceed under § 1983 on claims of being denied due process in his 1981 criminal proceeding, his direct and collateral state court appeals, and his related federal habeas corpus action. The defendants named in the complaint include five private attorneys, one state district court judge, seven state appellate judges, and one federal district court judge. All defendants are named in their official capacity. Notwithstanding the habeas corpus nature of plaintiff's allegations of error, plaintiff expressly maintains he is not challenging the legality of his present confinement. Instead, plaintiff claims he is entitled to prospective relief under § 1983 to remedy defendants' alleged violation of plaintiff's constitutional rights of access to the courts and due process in plaintiff's previous judicial proceedings regarding his criminal conviction. The court disagrees.

The private attorneys named as defendants are not persons "acting under color of state law" for purposes of stating any claim for relief under § 1983. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981)("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."). Likewise, no state action supports plaintiff's claim for relief under § 1983 against the federal district court judge who denied plaintiff relief under 28 U.S.C. § 2254.

And to the extent plaintiff asks this court to invalidate any state procedures previously used to deny plaintiff's claims of ineffective assistance of counsel, there is nothing in the complaint to suggest any identifiable live case or controversy involving any of the named defendants. Accordingly, the allegations in the complaint fail to make any showing that plaintiff has standing to seek such sweeping prospective relief under § 1983. *See Clark v. State Farm Mut. Auto. Ins. Co.*, 590 F.3d 1134 (10th Cir.2009)(federal court's jurisdiction is limited to live controversies)(citation omitted).

**Notice and Show Cause Order to Plaintiff**

The court thus directs plaintiff to show cause why the complaint should not be summarily dismissed because plaintiff's claims against the named defendants are legally frivolous if not malicious, and clearly fail to state any cognizable claim for relief under § 1983. 28 U.S.C. § 19115A(b); 28 U.S.C. § 1915(e)(2)(B).[2] The failure to file a timely response may result in the complaint being dismissed for the reasons stated herein, and without further prior notice to plaintiff.

IT IS THEREFORE ORDERED that plaintiff's motion for recusal (Doc. 3) was rendered moot by reassignment of this matter to the undersigned judge.

---

[2] Plaintiff is advised that dismissal of the complaint under 28 U.S.C. §§ 1915A(b) or 1915(e)(2)(B) will count as a "strike" under 28 U.S.C. 1915(g), a "3-strike" provision which prevents a prisoner from proceeding in forma pauperis in bringing a civil action or appeal if "on 3 or more prior occasions, while incarcerated or detained in any facility, [the prisoner] brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

Court records in the District of Kansas disclose that plaintiff has already acquired at least two prior "strikes." *See Beauclair v. Graves*, D.Kan. Case No. 03-3237-SAC (complaint dismissed as stating no claim for relief), *aff'd*, (10th Cir. May 22, 2007); *Beauclair v. Werholtz*, D.Kan. Case No. 07-3022-SAC (complaint dismissed as stating no claim for relief).

IT IS FURTHER ORDERED that within thirty (30) days, plaintiff shall submit an initial partial filing fee of $6.50. Any objection to this order must be filed on or before the date payment is due. The failure to file a timely response may result in the dismissal of this action without prejudice and without additional prior notice to the plaintiff.

IT IS FURTHER ORDERED that plaintiff is granted thirty (30) days to show cause why the complaint should not be summarily dismissed for the reasons stated by the court.

DATED: This 5th day of November 2013, at Topeka, Kansas.

 s/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge